Filed 8/8/16  P. v. Pulido CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAMUEL I. PULIDO,<br><br>    Defendant and Appellant. | 2d Crim. No. B269026<br>(Super. Ct. No. 1478134)<br>(Santa Barbara County) |

Samuel I. Pulido appeals a judgment following his conviction for unlawfully taking a motor vehicle (Veh. Code, § 10851, subd. (a)) and possession of heroin (Health & Saf. Code, § 11350, subd. (a)),[1] a misdemeanor.  The trial court placed him on probation for three years with a condition that he pay "$2,000 or [complete] 200 hours community work service" because of his section 11350, subdivision (a) conviction. We conclude the trial court erred by imposing this condition.  We modify the judgment by striking the condition.  As so modified, we affirm the judgment.

FACTS

On August 29, 2015, Pulido took possession of a 2001 Honda Accord automobile which belonged to his friend Thomas Gunter.  He drove the car away without Gunter's permission.  Gunter called 911.

---

[1] All statutory references are to the Health and Safety Code unless otherwise stated.

The police spotted the vehicle, stopped it and arrested Pulido. Pulido was in possession of "a usable amount of heroin" at that time.

Pulido entered into a plea agreement. He pled no contest to felony taking a vehicle (Veh. Code, § 10851, subd. (a)) and misdemeanor possession of heroin (§ 11350, subd. (a)).

During sentencing, the trial court indicated that it was considering a proposed sentence, which included a probation condition requiring Pulido to pay a $2,000 fine or do community service.

Pulido's counsel objected to the condition. She said, "[T]his is not a felony conviction under this section; it's a misdemeanor conviction under this section, and so I don't believe that that fine attaches to this charge and conviction . . . ."

The trial court was not persuaded. It ordered "pronouncement of judgment suspended, probation granted for three years." One of the conditions of probation the court imposed under section 11350 required Pulido to pay "$2,000 or [complete] 200 hours community work service."

Pulido contends the trial court erred by imposing the $2,000 fine or community service condition. The People agree. So do we.

Pulido was convicted of a misdemeanor violation of section 11350, subdivision (a). Section 11350, subdivision (c) provides, in relevant part, "[E]xcept in unusual cases in which it would not serve the interest of justice to do so, whenever a court *grants probation pursuant to a felony conviction under this section*, in addition to any other conditions of probation which may be imposed, the following conditions of probation shall be ordered: [¶] (1) For a first offense under this section, a fine of at least one thousand dollars ($1,000) or community service. [¶] (2) For a second or subsequent offense under this section, *a fine of at least two thousand dollars ($2,000) or community service*." (Italics added.)

Pulido had two prior convictions under section 11350. Consequently, the trial court assumed that it was required to impose the $2,000 fine or community service

2

condition. But that provision only relates to a felony conviction under section 11350. Pulido was only convicted of a misdemeanor.

The parties note that in deciding to impose this condition, the trial court mentioned and relied on former section 11350, subdivision (d)(2). That section provides, in relevant part, "Except in unusual cases in which it would not serve the interest of justice to do so, whenever a court *grants probation pursuant to a felony conviction under this section*, in addition to any other conditions of probation which may be imposed, the following conditions of probation shall be ordered: [¶] . . . (2) For a second or subsequent offense under this section, *a fine of at least two thousand dollars ($2,000) or community service.*" (Italics added)

The People correctly note that section 11350, subdivision (d)(2) was "amended by Proposition 47" in 2014 and that "the relevant subsection is now (c)(2)" of section 11350. (Prop. 47, § 11, approved by voters on Nov. 4, 2014.) The parties nevertheless agree that under the former section (§ 11350, subd. (d)(2)) or the current section (§ 11350, subd. (c)(2)), the statutory language and the result are the same--the $2,000 fine or community service provision applies only to felonies. Pulido's section 11350 conviction was for a misdemeanor. Consequently, the trial court erred by imposing the fine or community service condition.

DISPOSITION

We modify the judgment to strike the $2,000 fine or community service condition. As so modified, the judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

3

Clifford R. Anderson, Judge

Superior Court County of Santa Barbara

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.